[No. 20504.  Department One.  September 1, 1927.]

UNION TRUST COMPANY OF SPOKANE, *Respondent*, v. McALLISTER WAREHOUSE COMPANY *et al.*, *Appellants.*[1]

[1] PRINCIPAL AND AGENT (34) — SALES (178) — SALES BY AGENT — CONDITIONAL SALES—BONA FIDE PURCHASER FROM BUYER.  Where an automobile was placed with a sales agency to be held in trust for display purposes, but with authority to sell it at not less than a certain sum, to be held in trust for and paid over to the manufacturer, and was wrongfully transferred to an employee of the sales agent, under a purported conditional sales contract duly recorded, a *bona fide* purchaser of the sales contract, for a sum in excess of the manufacturer's minimum price, passes the reserved title to the car, although the sales agent failed to account for the proceeds.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 7, 1926, upon findings in favor of the plaintiff, in an action of replevin, tried to the court.  Affirmed.

*George M. Ferris* and *James Emmet Royce,* for appellants.

*Wakefield & Witherspoon (Harry T. Davenport,* of counsel) for respondent.

FULLERTON, J.—The Trenary Service & Sales, Inc., was formerly a retail dealer in automobiles, having its

[1]Reported in 259 Pac. 16.

principal place of business in the city of Spokane. While it was so in business, it received, on January 15, 1926, from the appellant Packard Motor Company, an automobile of that company's manufacture, under a trust agreement. The agreement, after reciting the advantages which accrue to a dealer by being able to display an automobile he has for sale, further recited that the dealer received, accepted and held the automobile under the following conditions:

"(1)   That the trustee will warehouse said motor vehicle in a suitable place, and will maintain said motor vehicle in good condition and repair, and will not suffer same to be used for hire or demonstration, nor to be operated under its own power, without the written consent of the owner.

"(2)   That the trustee will sell said motor vehicle for the account of the owner for not less than $1,745.

"(3)   That, in the event of such sale, the trustee will keep the proceeds of same separate from the funds of the trustee, and will immediately transmit such proceeds to the owner, without deduction of any sort.

"(4)   That the trustee will keep a separate account of all motor vehicles delivered to the trustee under this, or any like, receipt, and of the proceeds thereof when sold."

The agreement was possibly not entitled to be recorded on the public records of the county in which the property was to be held by the dealer, for want of the statutory formalities in its execution, nor was it so recorded or offered for record.

On April 9, 1926, the dealer made a purported sale of the automobile to one C. W. Finney on a contract of conditional sale. The contract was in the usual form. It recited that the purchase price was $2,964.25, recited that the sum of $764.25 had been received on account of the purchase price, contained an agreement for the payment of the balance of the purchase price in stated instalments, and contained conditions providing for

the forfeiture of the contract, in the case any of the instalments were not paid when due. The dealer, immediately after the execution of the contract, sold it, together with its interest in the automobile, to the respondent Union Trust Company, by an assignment in writing endorsed on the contract, receiving therefor in cash $2,200, less a handling charge of twenty-two dollars, cost of insurance, $21.25, and the filing fee of one dollar. The contract was thereupon filed with the county auditor. The dealer did not remit to the Packard company the price of the automobile, nor did it notify that company of the sale.

The automobile was left in the possession of the dealer, and was in its possession at the time of its failure, some twenty days after the date of the sale. At this time, the automobile was taken by the Packard company and stored by it with its co-appellant, the McAllister Warehouse Company.

By this action, the respondent sought to recover the possession of the automobile. The complaint was in the usual form in such cases, and the answer was a general denial. A trial before the court sitting without a jury resulted in a judgment in favor of the respondent.

On the trial, it developed that the purported sale to Finney was a sale in form only. Finney was an employee of the Trenary Service & Sales, Inc., and the purported sale was a scheme of its manager to obtain for it some needed ready money. The respondent was a customer of the sales company for its conditional sales contracts, having purchased a number of them, all of which proved to be genuine. When this one was offered it, it purchased it without inquiry, assuming it had been taken in the regular course of trade. It had no knowledge of the actual transaction between that

company and Finney, and no knowledge that the transaction did not represent an actual sale.

[1] The appellant claims that, since the sale to Finney was not in good faith, the respondent acquired no interest in the car by the purchase of the contract of sale, and this, even though it at the same time took such title to the automobile as the sales company could pass by a sale thereof. But we do not think we need follow the ingenious argument by which the appellant attempts to demonstrate the contention. There are certain general principles which we think are controlling. By the terms of its contract with the Packard company, the sales company was authorized to sell the car. The only limitation imposed on the manner of sale was that the sale should not be at a less price than $1,745, and it follows, as of course, that if it sold it at a price which would net this sum, the title to the automobile passed to the purchaser. The automobile was so sold. The transaction with Finney can be passed as of no material consequence. If no sale took place because of the transaction with Finney, the right of sale still remained with the sales company. When, therefore, it sold its interest in the car to the respondent, even though it was accompanied with an assignment of the fabricated contract of conditional sale, it was a valid sale of the automobile. The purchaser paid to the seller a sum in excess of the minimum price exacted by the Packard company for the car, and had the sales company remitted to the Packard company such minimum price, no question would have arisen as to the validity of the transaction. But the validity of the sale was not affected by the fact that no such remittance was made. The immediate seller was that company's agent for the purpose of making the remittance, and its failure so to do cannot be charged to any

fault of the respondent.   The facts, therefore, present a not too uncommon instance where an agent, authorized to sell the goods of another, has sold the goods and has failed to account to the owner of the goods for the proceeds of the sale, but it does not present an instance where the owner of the goods can charge its loss to the purchaser of the goods.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.